**UNITED STATES of America, Plaintiff,**

v.

**ONE 1985 BMW 318I, VIN WBAAC840685314, Defendant.**

**No. 87 C 3208.**

United States District Court, N.D. Illinois, E.D.

Dec. 14, 1987.

Andrew B. Spiegel, Chicago, Ill., for claimant.

Anne L. Wallace, Asst. U.S. Atty., Chicago, Ill., for the U.S.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Andrew Spiegel ("Spiegel") moves for appointment under the Criminal Justice Act (the "Act"), 18 U.S.C. § 3006A ("Section 3006A"), to serve as government-compensated counsel for claimant Stella Ajibade ("Stella") in this civil action for forfeiture of a motor vehicle (the "BMW").[1]  No response has been filed by the United States, so this Court has been required to scrutinize the question on its own (though Spiegel's motion did refer to the provisions on which he relies).  Upon full consideration of the matter Spiegel's motion is denied.

Because this *is* a civil and not a criminal proceeding, the normal source of this Court's power for appointment of counsel for in forma pauperis litigants would be 28 U.S.C. § 1915(d).  That provision looks to pro bono representation, not representation for pay.  This District Court has in fact established an elaborate set of rules for such appointments, drawing on the members of its trial bar for that purpose.[2]

But Spiegel would like to get paid, and for that purpose he has to fit within the Act's provisions.  There are two independent reasons that could lead to denial of the current motion.

First of all, Section 3006A(a) authorizes the adoption by every district court of "a plan for furnishing representation for any person financially unable to obtain adequate representation"—but only for any such person who:

(A) is charged with a felony or a misdemeanor (other than a petty offense as defined in section 1 of this title);

(B) is a juvenile alleged to have committed an act of juvenile delinquency as defined in section 5031 of this title;

(C) is charged with a violation of probation;

(D) is under arrest, when such representation is required by law;

(E) is entitled to appointment of counsel in parole proceedings under chapter 311 of this title;

(F) is subject to a mental condition hearing under chapter 313 of this title;

(G) is in custody as a material witness;

(H) is entitled to appointment of counsel under the sixth amendment to the Constitution; or

---

1. Spiegel is already representing Stella as privately-retained counsel.

2. This was one of the pilot districts for implementation of certain recommendations of the Devitt Committee.  When this District Court's judges collectively elected to establish a trial bar (one of those recommendations), they invited comments from the legal community, in part via the establishment of a lawyers' advisory committe under the able chairmanship of Richard William Austin, Esq.  That committee, and not the judges, initiated the recommendation for imposition of a mandatory pro bono obligation as a condition of membership in the trial bar.  Though some question has been raised in other courts as to the validity of a compulsory rather than voluntary pool of potential appointees (Section 1915(d) says a court "may request" a lawyer to represent the in forma pauperis litigant), the mandatory provision has not been challenged here.  In any event, the trial bar list comprises all practitioners (from all areas of the practice) who have met the minimal standards established by the District Court rules—it is not screened and scrutinized as is the Federal Defender Panel (see the later text discussion).

(I) faces loss of liberty in a case, and Federal law requires the appointment of counsel.

Stella is none of those. True enough, her husband Kola Ajibade ("Kola") *was*,[3] but that is not at all the same.

This opinion might well end right here—after all, if this Court is not granted power by the enabling legislation, no implementing plan should be able to leapfrog over the statutory limitations. But because Spiegel cites to what he calls "this District Plan" (Motion at 1),[4] a brief look at the provisions on which he relies is called for.

Section 3006A(c) says once counsel is appointed under the Act, he or she is to represent the Act-authorized litigant "at every stage of the proceedings . . ., including ancillary matters appropriate to the proceedings." This opinion's Appendix reprints Guidelines ¶ 2.01(F)(5), which elaborates on and implements the statutory reference to "ancillary matters appropriate to the proceedings."

Plainly the scope of Section 3006A(c) itself, the nature of the implementing Guidelines provisions and the latter's reference to "the CJA client" all negate any notion of appointment for a *non*-criminal defendant such as Stella. Indeed the very fact that *Kola* could be entitled to representation under Guidelines ¶ 2.01(F)(5)(v) and (vi)—a fact pointed out by Spiegel's motion—cuts the other way from Spiegel's suggestion, for it creates the strong negative inference that Stella is *not* so entitled.

But even if Stella *had* been entitled to get paid representation under the Act, Spiegel has no *right* to provide that representation—that is, with government funds. Precisely because public money rather than a defendant's own money is at issue, this District Court's plan (like all others under the Act) establishes a procedure for determining what lawyers have demonstrated

the qualifications for drawing on those funds. Under this District Court's implementation of the Act, once a litigant does qualify for appointment of counsel the appointment is processed by the Federal Defender Program (staffed by an Executive Director, a Deputy Director and close to ten staff lawyers). Appointed counsel are ordinarily limited to persons who are members of the Federal Defender Panel chosen by the Panel Attorney Selection Committee (which in part solicits comments from the members of this District Court). Assignments to represent a qualified litigant are made by the Program in a sequential manner by going to the next Panel member on the list.

Spiegel is not a member of the Federal Defender Program. Though this Court would have the authority—the power—to go outside of the Panel membership to appoint counsel such as Spiegel, that would in effect call for a determination whether if Spiegel had applied for that membership, he would have passed scrutiny and thus would have been added to the Panel list. That would place this Court in the position of making a value judgment as to Spiegel's competence as a lawyer to handle this type of claim. Though this Court does not shy from such a determination where it is required, the first ground for denial discussed in this opinion renders such an evaluation unnecessary—really moot.

Accordingly Spiegel's motion is denied. He will continue to act as Stella's lawyer without government funding.

### APPENDIX

trans 21 Vol. VII

Section A, Chap. 2

5/12/87

(5) Representation may be furnished for financially eligible persons in "ancillary

---

**3.** Kola's conviction in *United States v. Shittu, et al.,* No. 86 CR 748 implicated the alleged use of the BMW in drug-related activity, which triggered this forfeiture proceeding.

**4.** In fact Spiegel's citation is to the Guidelines for the Administration of the Criminal Justice Act, Section A, Chapter 2 (Appointment and Payment of Counsel), as amended (the "Guide-

lines"). This District Court's plan for appointment of counsel under the Act has not been updated to mesh with the Guidelines, but this opinion will indulge the most favorable assumption for Spiegel's motion: that this District Court would go the full route of authorization permitted under the Guidelines.

matters appropriate to the proceedings" pursuant to subsection (c) of the Act.

In determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or the issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge.

In determining whether representation in an ancillary matter is appropriate to the proceedings, the court should consider whether such representation is reasonably necessary to accomplish, *inter alia,* one of the following objectives:

    (i) to protect a Constitutional right;

    (ii) to contribute in some significant way to the defense of the principal criminal charge;

    (iii) to aid in preparation for the trial or disposition of the principal criminal charge;

    (iv) to enforce the terms of a plea agreement in the principal criminal charge;

    (v) to *preserve* the claim of the CJA client to an interest in real or personal property subject to a civil forfeiture proceeding pursuant to 21 U.S.C. § 881, 19 U.S.C. § 1602 or similar statutes, which property, if recovered by the CJA client, may be considered for reimbursement under subsection (f) of the Act and paragraph 2.04 of these *Guidelines;* or

    (vi) to effectuate the return of real or personal property belonging to the CJA client which may be subject to a motion for return of property pursuant to Fed.R.Crim.P. 41(e), which property, if recovered by the CJA client, may be considered for reimbursement under subsection (f) of the Act and paragraph 2.04 of these *Guidelines.*

The scope of representation in the ancillary matter should extend only to the part of the ancillary matter that relates to the principal criminal charge and to the *correlative objective sought* to be achieved in providing the representation (e.g., a CJA defendant in a criminal stock fraud case should be represented by CJA counsel at the defendant's deposition in a parallel civil fraud action for the limited purpose of advising him concerning his Fifth Amendment rights.)

Representation in an ancillary matter shall be compensable as part of the representation in the principal matter for which counsel has been appointed and shall not be considered a separate appointment for which a separate compensation maximum would be applicable under paragraph 2.22 B of these *Guidelines.* A private panel attorney appointed under the Act may obtain, through an *ex parte* application to the court, a preliminary determination that the representation to be provided in an ancillary matter is appropriate to the principal criminal proceeding and compensable under subsection (c) of the Act and this *Guideline.* However, failure to obtain such a preliminary determination shall not bar the court from approving compensation for representation in an ancillary matter provided that the services and compensation related thereto are justified in a memorandum submitted by the attorney to the court at the conclusion of the principal criminal matter and the presiding judicial officer finds that such representation was appropriate.